-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL ARGENTIERI, 00A5907,

    Plaintiff,

  -v-

CLERK OF THE COURT FOR JUDGE KMIOTEK,
CLERK OF THE COURT FOR JUDGE KOLBERT,

    Defendants.

DECISION AND ORDER
05-CV-6053L(Fe)

---

## INTRODUCTION

Plaintiff Michael Argentieri, an inmate of the Orleans Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Clerk of the Court for Judge Kmiotek, and Clerk of the Court for Judge Kolbert, in the Cheektowaga Town Court, violated his constitutional rights by failing to address, or otherwise respond to inquiries about, papers filed with the Court. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the Clerk of the Court is directed to file plaintiff's papers.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or

malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims survive review at this stage of the proceeding pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b). *See LeGrand v. Evan*, 702 F.2d 415 (2d Cir. 1983). Plaintiff has alleged bad faith on the part of the court clerk defendants and it is not clear at this point what parts of the actions or inactions alleged against the defendants were ministerial as opposed to judicial. Without benefit of an answer, the Court is not in a position to determine at this point if the claims fail to state a claim upon which relief may be granted and/or seek monetary relief against a defendant immune from such relief.

## **CONCLUSION AND ORDER**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Clerk of the Court is directed to file plaintiff's papers, and

to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:     May 27, 2005
           Rochester, New York

3