UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL DAVID ARGENTIERI,

                             Plaintiff,

            v.

CLERK OF THE COURT FOR
JUDGE KMIOTEK, et al.,

                             Defendant.
_____

DECISION AND ORDER

05-CV-6053L

**INTRODUCTION**

Plaintiff, Michael Argentieri ("plaintiff"), commenced this action *pro se* against defendants Clerk of the Court for Judge Ronald Kmiotek and Clerk of the Court for Judge Thomas Kolbert of Cheektowaga Town Court ("defendants") under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that defendants deliberately violated his constitutional rights by failing to address, or otherwise respond to inquiries about, documents filed with the Cheektowaga Town Court (Docket No. 1).

Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that plaintiff has failed to state a claim upon which relief can be granted (Docket No. 4). Plaintiff opposes dismissal and requests that his complaint be amended to include Judge Kmiotek and Judge Kolbert as defendants (Docket No. 6). As set forth below, defendants' motion to dismiss is granted, plaintiff's request to amend is denied, and plaintiff's complaint is dismissed with prejudice.

## DISCUSSION

### I. Defendants' Motion to Dismiss

When evaluating a motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6), a court must draw all reasonable inferences in the plaintiff's favor. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). The factual allegations in the complaint are assumed to be true, regardless of whether the plaintiff will be able to support his contentions at a later date. A court should dismiss a complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This applies "with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

It is clear after reviewing plaintiff's complaint and responses to defendants' motion to dismiss that his claims concern defendants' failure to schedule his legal proceedings in what he believes to be a timely manner. Plaintiff alleges that defendants "completely ignored and deliberately withheld" the motions he filed with the Town of Cheektowaga Court and "completely ignored" a letter inquiring into the status of his filings (Docket No. 6). He further claims that court clerks have "a duty to acknowledge court filings and place them on the court calendar" (Docket No. 6). According to plaintiff, defendants therefore deliberately denied his rights to due process and access to the courts (Docket No. 1).

Assuming plaintiff's allegations are true, I find as a matter of law that plaintiff's claims are barred by absolute immunity and therefore must be dismissed. Generally, "[j]udges performing judicial functions within their jurisdictions are granted absolute immunity." *Hili v. Sciarrotta*, 140

F.3d 210, 213 (2d Cir. 1998) (citing *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)).  The Second Circuit Court of Appeals has squarely held that scheduling duties are part of the judicial process and that court clerks performing such tasks are entitled to immunity.  *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).  "A court's inherent power to control its docket is part of its function of resolving disputes between parties.  This is a function for which judges and their supporting staff are afforded absolute immunity."  *Id.*  This is true even if the tasks are considered ministerial in nature.  *Id.* at 67.  "Even 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, . . . that officer's immunity is also available to the subordinate.'"  *Id.* (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Inasmuch as plaintiff claims that defendants violated his rights by refusing to acknowledge his motions or to schedule his court proceedings, defendants were assisting judges in performing essential judicial functions.  As a result, plaintiff's claims are barred by absolute immunity.  *See*, *e.g.*, *Humphrey v. Court Clerk, NDNY*, No. 05-CV-1159, 2005 WL 2490155, *3-4 (N.D.N.Y. Oct. 7, 2005) (plaintiff's *Bivens* claims that court clerks refused to answer his correspondence to the court were barred by absolute immunity); *Kampfer v. Rodriguez*, No. 97-CV-739, 1998 WL 187364, *2 (N.D.N.Y. Apr. 15, 1998) (plaintiff's claim that court clerk violated his constitutional rights by failing to schedule a conference with the court was barred by absolute immunity).

   Additionally, plaintiff's claims are dismissed as moot.  "The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute

between parties." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001). The record shows that, since the time plaintiff filed his complaint, he has received the very relief he requested – hearings on and the disposition of his pending motions. Defendants filed a copy of an August 3, 2005 decision issued by Judge Thomas P. Franczyk of the City Court of Buffalo addressing all of plaintiff's pending legal proceedings and motions (Docket No. 7). It appears that plaintiff's motions were transferred from the Cheektowaga Town Court to the Buffalo City Court after Judge Kmiotek and Judge Kolbert recused themselves (Docket No. 7). After considering the merits, Judge Franczyk denied all of plaintiff's motions (Docket No. 7).

**II. Plaintiff's Request to Amend the Complaint**

In his August 8, 2005 response to defendants' motion (Docket No. 6), plaintiff asked the Court to amend his complaint to add Cheektowaga Town Court Judges Thomas Kolbert and Ronald Kmiotek as defendants. Plaintiff's request is denied as futile.

The standards for determining whether a proposed amendment would be futile are the same as for considering a motion to dismiss under Rule 12(b)(6). *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 248 (2d Cir. 2002). Again, assuming that all the allegations are true, plaintiff's request to amend his complaint is denied as futile. As stated above, control of the court docket is a judicial function for which judges are entitled to absolute immunity. Plaintiff's claim that Judge Kmiotek and Judge Kolbert "apparently [o]rdered the withholding of [plaintiff's] case from the court docket" (Docket No. 6, ¶8), therefore, would also be barred. *See Humphrey*, 2005 WL 2490155, at *2.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss (Docket No. 4) is granted. Plaintiff's request to amend the complaint (Docket No. 6) is denied. Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 21, 2006.